IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUCY A. BRADA, ) | |
| ) | 7:10CV5005 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| SAFEWAY, INC., a Foreign ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's motion for summary judgment, Filing No. 58.[1] This is an action for discrimination in employment. The plaintiff, Lucy Brada, alleges that defendant Safeway terminated her employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Nebraska Act prohibiting unjust discrimination in employment due to age, Neb. Rev. Stat. § 48-1001; and for gender discrimination in violation of Title VII, 42 U.S.C. § 2000e, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101.[2] The plaintiff also alleges that defendant Safeway retaliated against her for filing a claim with the Equal Opportunity Commission ("EEOC") in violation of Title VII. The defendant argues that the uncontroverted facts show that the plaintiff cannot establish that she was discriminated or

---

[1] Also pending is the defendant's motion to amend plaintiff's evidence index, Filing No. 74. The court finds that motion should be granted instanter.

[2] The Nebraska Supreme Court has held that the NFEPA is patterned after Title VII, and thus, "it is appropriate to consider federal court decisions construing the federal legislation" when construing NFEPA. *Al-Zubaidy v. TEK Industries, Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005); *see also McGinnis v. Union Pacific R.R.*, 496 F.3d 868, 872 n. 1 (8th Cir. 2007) (age and sex discrimination claims under Nebraska law analyzed under same framework as those brought under federal law).

retaliated against and that she has not presented evidence sufficient to establish a prima facie case of age discrimination or of retaliation.

## STANDARD OF REVIEW

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005).  "Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).  The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, — F.3d —, —, 2011 WL 2135636, *8 (8th Cir. June 1, 2011) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* ( quoting *Celotex*, 477 U.S. at 324).  On a motion for summary judgment, the "'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Id.* (quoting *Ricci v. DeStefano*, — U.S. —, —, 129 S. Ct. 2658, 2677 (2009)).  Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.  *Id.*  The nonmoving party "'must do more

than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.*

There is no "discrimination case exception" to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial. *Torgerson,* slip op. at 14 (quoting *Fercello v. County of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010)). Nevertheless, "[a]t the summary judgment stage, the court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). The court's function is to determine whether a dispute about a material fact is genuine, that is, whether a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id.* at 248. To be material, a fact "must affect the outcome of the lawsuit under governing law." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's favor]." *Id.* at 255. "If reasonable minds could differ as to the import of the evidence," summary judgment is inappropriate. *Id.* at 250.

Although "summary judgment must be used with caution in discrimination cases due to the fact-specific nature of each case, it nonetheless may be proper 'when a plaintiff fails to establish a factual dispute on an essential element of [the] case.'" *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1073-74 (8th Cir. 2006) (quoting *Simpson v. Des Moines Water Works,* 425 F.3d 538, 542 (8th Cir. 2005)). No separate summary judgment standard

exists for discrimination or retaliation cases and such cases are not immune from summary judgment. *Wallace*, 442 F.3d at 1118; *Berg v. Norand Corp.*, 169 F.3d 1140, 1144 (8th Cir. 1999).

**BACKGROUND**

Ms. Brada worked for Safeway for six months in Colorado Springs in 1977, followed by five years in Vail, Colorado, and for the next nine years she worked at times at various different Safeway stores. In 2008 she began working at Safeway in Scottsbluff, Nebraska. She was 60 years old at the time Safeway hired her in Scottsbluff as a courtesy clerk, and she later became a food clerk. While working in Scottsbluff, there is no disagreement that Ms. Brada began to date the store's second assistant manager,[3] Jim Fertig, and later they moved in together. The Human Resources Department received an anonymous phone call regarding the relationship between the two employees.

There is no dispute that Safeway has a policy concerning romantic relationships between managers and subordinates. Filing No. 60, Attach. 6, romantic relationship policy. The Safeway employees must report the involvement and the policy clearly states that "[o]ne option that will not be considered is to leave two employees who are romantically involved in positions where the direct or indirect reporting relationship is maintained." *Id*. at Page ID # 264. Ms. Jennifer Johnston, who temporarily filled in for Cory Land who was on maternity leave from Human Relations, spoke with the district manager, Brad Lundstrom, and informed him about the phone call. Mr. Lundstrom spoke to Mr. Fertig. Mr. Fertig, according to Mr. Lundstrom, indicated it would not be a problem as Ms. Brada

---

[3]Safeway did not have a first assistant manager at this time.

was seeking other employment.  Mr. Fertig does not recall this conversation.  However, Mr. Lundstrom conveyed to Ms. Johnston that he had discussed the situation with Mr. Fertig who indicated that Ms. Brada was looking for other employment.  Time passed and Ms. Brada still remained.  Ms. Johnston allegedly followed up with another supervisor and was informed that Ms. Brada had several interviews.  Still, a few weeks later, Ms. Brada continued working at Safeway.  Ms. Johnston then spoke to Ms. Brada who asked for a copy of the romantic relationship policy.  Safeway provided a copy to her.  Ms. Johnston informed Ms. Brada that she had agreed to leave and gave her until July 12, 2008, to find other employment.  At this point three months had passed.  Thereafter, Mr. Fertig notified Human Resources that he wished to be demoted.  He was allegedly told that would end the conflict.  Ms. Brada then resigned her employment, and Mr. Fertig did not step down from his position.  There is no dispute that Ms. Brada and Mr. Fertig violated the store policy.

At this same time the store did not have a first assistant manager.  Safeway contends that it typically hires persons for that position who want to become a store manager and who are willing to undergo the retail leadership development program which lasts approximately six months and costs Safeway about $50,000 to $60,000.  Such person must be willing to relocate to another store to train.  Safeway placed a graduate of the leadership development program who wanted to become a manager in that first assistant manager position.  Safeway contends that Mr. Fertig did not want to be a manager and was not willing to relocate to another store.  Because Safeway contends the store could not support two assistant managers, it demoted Mr. Fertig to head clerk.  Ms. Brada disagrees with this contention, and she argues that Safeway was advertising at that

time for a second assistant manager.  According to management at Safeway, Mr. Fertig seemed happy that he would have evenings and weekends off and said he would try it.  Mr. Fertig, shortly thereafter, was promoted to produce department manager.  Mr. Fertig disagrees that he was happy about the changes.

Following Mr. Fertig's demotion, Safeway made an unconditional offer to reinstate Ms. Brada which would include her seniority rights and benefits.  She declined the offer, indicating she felt that Safeway would find another reason to fire her and that she would be uncomfortable with whomever reported her to Human Relations.

## DISCUSSION

### *A.  Age Discrimination*

The ADEA protects individuals over forty and prohibits an employer from "fail[ing] or refus[ing] to hire or . . . discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a).  Generally speaking, under the *McDonnell Douglas* framework, a plaintiff may establish a prima facie case of age discrimination with a showing that (1) she is over forty; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) similarly-situated employees outside the class were treated more favorably.  *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248 (1981); *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).  The Eighth Circuit Court of Appeals has "frequently stated that the last prong of the prima facie case is established by demonstrating the plaintiff was replaced by a substantially younger individual."  *Id.*; s*ee, e.g., McGinnis v. Union Pac. R.R.,* 496 F.3d 868, 875-76 (8th

Cir.2007); *see also* O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312-13 (1996) (prima facie case requires evidence adequate to create inference of discrimination, which cannot be drawn from the replacement of one worker with another worker insignificantly younger). "To establish a disparate treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Financial Services, Inc.*, — U.S. —, 129 S. Ct. 2343, 2350 (2009) (finding the ADEA does not authorize a mixed motives age discrimination claim).

The burden then shifts to the employer to provide a legitimate, nondiscriminatory reason for the adverse employment action. If the employer is able to do so, the burden shifts back to the plaintiff to show pretext. Pretext may be shown with evidence that "the employer's reason for the [adverse employment decision] has changed substantially over time." *Loeb v. Best Buy Co., Inc.*, 537 F.3d 867, 873 (8th Cir. 2008). An employee can prove that "her employer's articulated justification for an adverse employment action is pretext 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Jones v. National Amer. Univ.*, 608 F.3d 1039, 1046 (8th Cir. 2010) (quoting *Fitzgerald v. Action, Inc.*, 521 F.3d 867, 872 (8th Cir.2008).

The court will assume for purposes of this motion that plaintiff has made a prima facie case for elements one through three. The court is not convinced that plaintiff has submitted any evidence of element four. There is no evidence of age discrimination. Ms. Brada was 60 years old when hired by Safeway. Ms. Brada argues that Mr. Fertig was treated differently and allowed to stay. However, Mr. Fertig was 52 years of age at the time

of the incidents at question in this lawsuit.  The court finds Ms. Brada did not make a prima facie case of age discrimination.

Assuming for the sake of argument that sufficient evidence has been submitted, the court finds that Safeway has presented evidence of a nondiscriminatory reason for its actions.  The relationship policy is clear and is not based on any discriminatory motive.  It is unlikely that Safeway hired her at age 60 and then decided six months later to fire her on the basis of age.  See *Lowe v. J.B. Hunt Transport, Inc.*, 963 F.2d 173, 175 (8th Cir. 1992).  Further, Ms. Brada has submitted no evidence of pretext.

The court finds as a matter of law there is not sufficient evidence to submit the issue of age discrimination to the jury for consideration.

### *B.  Retaliation*

Title VII provides that it shall be an unlawful employment practice for any employer to retaliate against an employee or an applicant for employment "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  To establish a prima facie claim of retaliation, the plaintiff has to show that: (1) she filed a charge of harassment or engaged in other protected activity; (2) her employer subsequently took an adverse employment action against her; and (3) the adverse action was casually linked to her protected activity.  See *Cross v. Cleaver,* 142 F.3d 1059, 1071-72 (8th Cir. 1998).  If the plaintiff makes this showing, the employer must then rebut the presumption by articulating a legitimate, nondiscriminatory reason for the adverse employment action.  *Id.*

at 1071-72. If the employer does this, the burden of production shifts back to the plaintiff to demonstrate that the employer's nondiscriminatory reason is pretextual. *Id.* at 1072.

Ms. Brada's claim of retaliation fails for several reasons. Safeway first argues that Ms. Brada never raised the retaliation claim before the EEOC. Thus, argues Safeway, her claim for retaliation should be dismissed. *See Stuart v. General Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000). This court agrees that Ms. Brada failed to file her claim with the EEOC. See Filing No. 60, Ex. G., Attach. 7, EEOC claim. Additionally, because the retaliation claim allegedly occurred after filing the initial claim, Ms. Brada could have amended her claim or filed a new claim. She failed to do so. Accordingly, this claim is dismissed on that basis alone. *See Muldrow v. Dep't of Defense*, 333 Fed. App'x 141, 142 (8th Cir. 2009) (where retaliation claim not raised in EEOC complaint, summary judgment affirmed).

Second, even if the court found that failure did not bar her retaliation claim, the claim fails as a matter of law. There is no evidence of retaliatory motive. As evidence of retaliation, Ms. Brada claims that her boyfriend Mr. Fertig was demoted, nearly nine months after the filing of the EEOC charge. The court agrees with Safeway. The period of time between the filing of the EEOC charge and the demotion of Mr. Fertig is nine months. Such a period of time is remote and not likely related to the filing of Ms. Brada's EEOC charge. *See Kipp v. Missouri Highway and Transp. Com'n.*, 280 F.3d 893, 897 (8th Cir. 2002) (two-month period of time between filing and termination dilutes inference of causation). Further, Safeway has offered evidence of nondiscriminatory reasons for the demotion of Mr. Fertig, as previously set forth in this Memorandum and Order, as to why Mr. Fertig did not receive the promotion. Ms. Brada has offered little, if any, evidence of

pretext. *See Logan v. Liberty Healthcare Corp*., 416 F.3d 877, 881 (8th Cir. 2005) (pretext requires more substantial evidence than a prima facie case requires). Accordingly, the court likewise finds that this claim fails as a matter of law.

Third, and more bothersome, Ms. Brada makes no allegations that she has personally suffered any retaliation for filing with the EEOC. The only assertion is that Mr. Fertig experienced a demotion. There must be some evidence that would give rise to an inference of retaliatory motive, but Ms. Brada had resigned her employment with Safeway some months before the alleged retaliation occurred. *See Kipp*, 280 F.3d at 897. This is nothing more than a temporal connection. Mr. Fertig is not part of this lawsuit. Ms. Brada cannot assert Mr. Fertig's rights in this lawsuit but must assert her rights and make the causal connection as it relates to her.

The court finds that even when viewing the allegations of Ms. Brada in the light most favorable to her, her claim of retaliation fails as a matter of law for all of the reasons set forth herein.

### *C. Gender Discrimination*

The Supreme Court established the same three-step framework for analyzing gender discrimination in the workplace. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under the burden-shifting framework, the plaintiff in the present case must establish: (1) that she is a member of a protected class, (2) that she was meeting the employer's legitimate job expectations, (3) that she suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently. *Tolen v. Ashcroft,* 377 F.3d 879, 882 (8th Cir. 2004). The Eighth Circuit has stated that a plaintiff must

establish a prima facie case of discrimination, which creates a presumption that the employer unlawfully discriminated against the employee. *Id.* The burden then shifts to the employer to show a nondiscriminatory reason for the adverse action and then back to the plaintiff to show that the articulated reason is merely a pretext for discrimination. *Id*.

The court finds that Ms. Brada is a member of the protected class; she is qualified for her job; she received adverse employment action; and her male boyfriend, Mr. Fertig, remained on the job. Ms. Brada has no other evidence of gender discrimination.

The court will assume that Ms. Brada made a prima facie case of gender discrimination. The burden then shifts to Safeway. Safeway argues that management believed that Ms. Brada chose to find other employment. Safeway has a clear policy concerning relationships with managers and direct line employees, and the evidence as presented shows that management believed Ms. Brada was seeking employment elsewhere. The court finds that Safeway has met its burden and thus the burden shifts to Ms. Brada to show pretext. Ms. Brada contends that she never intended to resign and that Mr. Fertig was not treated in the same way as they treated her. Mr. Fertig disagrees with some of Safeway's contentions about whether he said Ms. Brada was looking for another job. There is conflicting evidence in this regard. Mr. Fertig claims he was willing to step down. Ms. Brada said she was discharged and did not tell management she was looking for another job. Safeway disagrees and contends they believed she chose to resign and also argue they had those conversations with Mr. Fertig. Accordingly, the court finds that there is a material issue of fact in this regard. The court believes the issue of gender discrimination is a jury question and will deny the motion for summary judgment as to this claim.

*D. Punitive Damages*

Safeway also asks the court to grant its motion as to Ms. Brada's claim for punitive damages. The court will deny the motion at this time. However, Safeway is free to raise the issue following Ms. Brada's presentation of the evidence on gender discrimination but before the presentation of any evidence concerning the proposed measure of punitive damages.

THEREFORE, IT IS ORDERED:

1. Safeway's motion for summary judgment, Filing No. 58, is granted with regard to the claim for age discrimination and retaliation, but it is denied with respect to the claim for gender discrimination and punitive damages.

2. The plaintiff's motion to amend, Filing No. 74, is granted instanter.

DATED this 7th day of July, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.